## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    **JOIE "JOE" VANHAITSMA,** | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| **v.** | ) | **CIV-24-305 -JD** |
| | ) | |
| 1.    **CARRIER COMMERCIAL** | ) | |
|       **SERVICE, a division of** | ) | |
|       **CARRIER CORPORATION,** | ) | |
| 2.    **CARRIER CORPORATION, and** | ) | |
| 3.    **SCOTT SMITH, an individual,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
|       **Defendants.** | ) | **ATTORNEY'S LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Joie ("Joe") VanHaitsma, and for his Complaint in the above entitled action, alleges and states as follows:

## PARTIES

1.  Plaintiff, Joie ("Joe") VanHaitsma, is an adult male who at all relevant times resided in Oklahoma County, Oklahoma.

2.  Defendants are:

     a.  Carrier Commercial Service, a division of Carrier Corporation, an entity conducting business in and around Oklahoma County, Oklahoma;

     b.  Carrier Corporation, an entity conducting business in and around Oklahoma County, Oklahoma (collectively "Carrier"); and

     c.  Scott Smith, an individual who at all relevant times hereto was employed as an Area Manager with Carrier.

-1-

## JURISDICTION AND VENUE

3.      This cause of action arises out of Plaintiff's former employment with Defendant Carrier and is based on the following claims: (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (b) violations of the Oklahoma Protection of Labor Act ("OPLA"), 40 O.S. §165.1; (c) breach of contract; (d) tortious interference with a contractual/employment relationship; and (e) tortious interference with a prospective economic advantage.

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5.      All of the actions complained of herein occurred in and around Oklahoma County, Oklahoma.  Oklahoma County is located in the Western District of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391.

6.      To the extent required, Plaintiff exhausted his administrative remedies. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 14, 2023. The EEOC issued a right to sue letter dated February 1, 2024, which was received by Plaintiff thereafter.  This case is timely filed within ninety (90) days of Plaintiff's receipt of his right to sue letter.

## STATEMENT OF FACTS

7.      Plaintiff (DOB: 5/1961) was employed with Defendant Carrier as a Service

Manager from in or around June 2021 until his termination on or about January 30, 2023.

8.    Throughout his employment, Plaintiff performed his job in a satisfactory manner.  He received merit-based pay increases and praise for his performance.

9.    In or around February 2022, Plaintiff began reporting to Area Manager Scott Smith (who is believed to be significantly younger than Plaintiff).

10.    On or about September 14, 2022, Smith placed Plaintiff on a sixty (60) day Employee Improvement Plan ("EIP"), with an end date of November 17, 2022.

11.    However, the claimed deficiencies were subjective in nature and  inconsistent with prior feedback Plaintiff had received.  Moreover, Plaintiff had not been previously disciplined or told of such issues.

12.    Smith alleged that Plaintiff needed to improve on his use of the computer system called Sales Force.  However, Plaintiff had not been trained on how to use Sales Force.

13.    Smith also said Plaintiff needed to stop caring so much about his customers. However, key responsibilities listed in the job description included maintaining good relationships with customers, responding to customer complaints and ensuring customer satisfaction.

14.    Moreover, the only Salesman who had been working in the Oklahoma City market quit in or around February 2022.  Plaintiff requested the position be filled, but his requests were ignored.  Therefore, Plaintiff assisted with the job duties of the position to counteract potential customer dissatisfaction and consequent loss of business.

15.     Smith further stated that Plaintiff needed to respond to emails faster. However, Plaintiff responded to emails as soon as practicable. And, Plaintiff had not been previously told his email response time was an issue.

16.     On or about November 30, 2023, Smith issued Plaintiff a written warning, stating that the EIP was being extended through January 20, 2023.

17.     However, the written warning failed to identify any specific performance deficiencies. And, Smith had told Plaintiff after issuing the EIP that Plaintiff was improving and making progress.

18.     Smith also previously told Plaintiff that he (Plaintiff) and his team surpassed other sales teams by bringing in $500,0000 over the monthly revenue goal.

19.     In fact, Plaintiff earned approximately $14,000 in merit-based bonuses and sales performance incentive funds ("spifs") for annual year 2022.

20.     In January 2023, Plaintiff and his team were again over the monthly sales goal.

21.     On or about January 15, 2023, Smith told Plaintiff that Plaintiff was the highest paid managers in his area.

22.     Despite such achievements, on or about January 30, 2023, Smith called Plaintiff to a meeting and told him that they were going to have a change, things were not working out, and they were going in a different direction, terminating Plaintiff.

23.     Significantly Smith supervised two other Service Managers, Talvis Lewis and Kristie Kemper (who are both significantly younger than Plaintiff). However, Plaintiff was the only Service Manager that was put on an EIP and fired. Yet, Lewis and Kemper had

lower sales numbers as compared to Plaintiff.

24.    Defendant Carrier also failed to pay Plaintiff bonuses to which he was entitled and promised.

25.    More particularly, in consideration for work performed, Defendant Carrier agreed to pay Plaintiff a base salary, plus bonus incentives based on meeting certain sales goals.

26.    At the time of his termination, Plaintiff had met his sales goals and was entitled to payment of approximately $14,000 in bonus incentives.

27.    Smith told Plaintiff around the time of his termination and thereafter that Plaintiff would be paid his bonus.  However, to date Plaintiff has not been paid his bonus to which he was entitled and promised.

28.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described hereafter.

### COUNT I:  ADEA

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29.    This Count is asserted against Defendant Carrier.

30.    The matters alleged above constitute violations of the ADEA in the form of age discrimination.

31.    Plaintiff is entitled to relief for age discrimination because Plaintiff was over age forty (40), he was qualified for his job, he was terminated from his employment, and his

job was not eliminated. Moreover, Plaintiff was treated less favorably than his similarly-situated younger counterparts.

32.    As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful misconduct.

### COUNT II: Violation of Okla. Stat. tit. 40 § 160 *et seq.*

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

33.    This Count goes against Defendant Carrier.

34.    Defendant Carrier is an employer as defined in the Oklahoma Protection of Labor Act ("OPLA"), 40 O.S. §165.1.

35.    Under the OPLA, 40 O.S. §165.1 employers must pay employees, all wages, defined to include compensation for labor and services rendered, including *inter alia* commissions, bonuses and similar advantages agreed upon between the employer and employee, in lawful money of the United States, at least twice each calendar month on regular paydays.

36.    The failure to pay monies earned as described herein is a violation of Oklahoma state law, Okla. Stat. tit. 40 §165.3. Plaintiff was hired and permitted to work by Defendant Carrier; Defendant Carrier employed Plaintiff; and Defendant Carrier failed to pay Plaintiff agreed upon wages due to him.

37.    Defendant Carrier's violation of the OPLA was knowing and willful.

38.     As a result of Defendant entities' unlawful conduct, Plaintiff has been damaged.

39.     As such, Plaintiff is entitled to all damages provided for by law, including recovery of unpaid wages, attorneys' fees and costs.  And, based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

**COUNT III: Breach of Contract**

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

40.     This Count is asserted against Defendant Carrier

41.     The above-described actions constitute a breach of contract.

42.     Plaintiff is entitled to relief because Plaintiff and Defendant formed a contract, whereby, in consideration for work performed, Defendant agreed to pay Plaintiff an annual salary, in addition to bonus incentives based on Plaintiff meeting certain sales goals (which Plaintiff met); Defendant Carrier breached the contract by failing to pay Plaintiff bonus incentives to which he was entitled and promised; and Plaintiff suffered damages as a result.

43.     As damages, Plaintiff is entitled to all relief allowed by state law.

**COUNT IV: TORTIOUS INTERFERENCE**

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

44.     This Count goes against Defendant Smith.

45.     The acts above-described constitute unlawful tortious interference with a

contractual/employment relationship.  Defendant Smith's actions were malicious and caused an actual harm to Plaintiff's employment relationship with Defendant Carrier. Defendant Smith had no justification, excuse, or privilege for such interference.

46.     Defendant Smith knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Defendant Carrier.

47.     Defendant Smith made the final decision to wrongfully terminate Plaintiff's employment based on the unlawful grounds set forth above.  As such, Defendant Smith interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant Carrier.

48.     The actions of Defendant Smith were intentional, malicious and wrongful. Defendant Smith was not acting to serve any legitimate or lawful interest of Defendant Carrier, but were pursuing his own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

49.     Defendant Smith's actions, in addition to not being legitimate, were not justified or privileged.

50.     As a result, Plaintiff is entitled to all damages allowed by state law.  Moreover, because the actions of Defendant Smith were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT V: INTERFERENCE WITH AN ECONOMIC ADVANTAGE

For his fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

51.     This Count goes against Defendant Smith.

52.     The acts described above constitute unlawful interference with Plaintiff's prospective economic advantage.

53.     Plaintiff had a reasonable expectation of profit in his continued employment with Defendant Carrier.

54.     Defendant Smith had knowledge of this relationship and/or expectancy.

55.     Defendant Smith intentionally induced or caused a breach of Plaintiff's expectancy.

56.     Such a breach resulted in damage to Plaintiff.

57.     Defendant Smith made the decision to wrongfully terminate Plaintiff's employment based on the unlawful grounds set out above.  As such, Defendant Smith interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant Carrier.

58.     The actions of Defendant Smith were intentional, malicious and wrongful. And, Defendant Smith had no justification, excuse or privilege for his actions.   Defendant Smith was not acting to serve any legitimate or lawful interest of Defendant Carrier, but was pursuing his own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

59.     Plaintiff suffered damages as a direct result of the actions of Defendant.  And, such damages was proximately sustained as a direct result of the complained-of interference.

60.     As a result, Plaintiff is entitled to all damages allowed by state law.  Moreover,

because the actions of Defendant Smith were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the Court entre judgment in favor of the Plaintiff and against the Defendants and assess lost wages, including back pay and front pay, actual, compensatory, liquidated and punitive damages together with pre- and post-judgment interests, costs, attorney's fees, all other damages available under federal and Oklahoma state law, and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 26TH DAY OF MARCH, 2024.**

s/Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA # 18922**
**KARINA R. LUECK, OBA # 35171**
**LEONARD & ASSOCIATES,P.L.L.C.**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800      (telephone)**
**(405) 239-3801      (facsimile)**
**leonardjb@leonardlaw.net**
**haupts@leonardlaw.net**
**lueckkr@leonardlaw.net**
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**